IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| STEPHANIE ELISE HAYNES, § | | |
| INDIVIDUALLY AND AS COLLECTIVE § | | |
| ACTION REPRESENTATIVE, § | CA NO. 1:24-CV-406 | |
| § | | |
| v. § | COLLECTIVE ACTION | |
| § | | |
| DANNER'S, INCORPORATED § | | |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:

COMES NOW, STEPHANIE ELISE HAYNES, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED, and, files this their Original Collective Action Complaint complaining of DANNER'S, INCORPORATED, Defendant, and for cause of action would respectfully show unto this honorable Court as follows:

## I.
## JURISDICTION AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 *et seq* (hereinafter referred to as "FLSA") and includes violations of 29 U.S.C. §207.

2. This Court has jurisdiction over this cause of action pursuant under Section 16(b) of the FLSA (29 U.S.C. §216(b)), by the provisions of 28 U.S.C. §§1331, 1337 and 1367.

3. Plaintiff brings this complaint in the Eastern District of Texas in which she currently resides and where a substantial amount of the Defendant's conduct,

1

events or omissions occurred giving rise to these causes of action. Accordingly, the court has personal jurisdiction over the parties and venue is proper in this district pursuant to 28 U.S.C. §1391(b). The unpaid work made the subject of this lawsuit occurred in Texas, including Jefferson County, Texas.

## II.
## PARTIES AND SERVICE

4. The Plaintiff, Stephanie Elise Haynes (also referred to as "Haynes"), appears in this action on behalf of herself and all those similarly situated, who are current and former nonexempt hourly employees of Defendant who were employed as drivers and who were deprived of overtime wages mandated by Section 207 of the Fair Labor Standards Act ("FLSA").

5. Defendant, DANNER'S, INCORPORATED, (also referred to as "Danner's") is a Domestic For-Profit Corporation doing business in the State of Texas, including Jefferson County, and may be served with process by serving its Registered Agent, Jim P. Maxcey at 7130 Navigation Boulevard, Houston, Texas 77011, as identified with the Texas Secretary of State, or wherever Defendant may be found.

6. Plaintiff, STEPHANIE ELISE HAYNES (also referred to as "Haynes") is a former employee of Defendant who was employed as a driver. Throughout her employment with Defendant Haynes worked as a non-exempt hourly wage employee for Defendant. *See*, "Exhibit A," Plaintiff's Consent to Join required by the FLSA, attached hereto.

## III.
## FACTUAL BACKGROUND

7. Defendant Danner's is a company based in Texas which business includes providing transportation services to maritime and shipping companies. Specifically, Danner's drivers (like Haynes and the Putative Class) provide transportation/driving services to individuals who are employed on ships/vessels berthed along the Texas Gulf Coast. Upon information and belief, during the applicable time period, Danner's has maintained work sites and provided transportation services along the Texas Gulf Coast – including but not necessarily limited to Jefferson County, Harris County, Chambers County, and Nueces County. Danner's drivers, like Haynes, will drive maritime workers between the ships and locations they need to go – such as work sites on land, lodging/hotels, grocery stores, pharmacies, department stores, restaurants, etc.

8. During the prior two years, Plaintiff Haynes was employed as a Driver for Danner's. Plaintiff Haynes, together with other similarly situated former and/or current employees of Danner's, provided transport/driving services to maritime and shipping workers. Plaintiff Haynes was based out of Defendant's Jefferson County office, but provided driving services extending beyond Jefferson County into other Counties, such as Chambers and Harris Counties and Louisiana.

9. Upon information and belief, Danner's failed to pay overtime wages to Plaintiff Haynes, and her similarly situated drivers, for all overtime hours worked as

3

mandated by the FLSA. Upon information and belief, in furtherance of its efforts to not pay for all overtime hours worked, Danner's altered timekeeping records in violation of the recordkeeping requirements of the FLSA. Upon information and belief, this deliberate alteration of records was intended to underreport actual hours worked, thereby depriving the Plaintiff and similarly situated employees of their lawful earnings. Defendant's actions constitute violations of wage and hour laws, necessitating immediate redress to recover the unpaid wages and overtime owed.

10. Upon information and belief, during the 3 years preceding this action, Danner's was aware of its obligations under the FLSA to pay its drivers at the overtime rate prescribed by the FLSA — 1.5 times the regular rate of pay — for all hours worked over 40 in a workweek.

11. The class members (hereinafter "Class Members") should include the following individuals:

> All current and former nonexempt employees who worked as drivers for Defendant during the three years preceding the filing of this action, and did not receive overtime wages at the correct overtime rate of 1.5 times their regular rate of pay.

12. In addition to unpaid overtime wages, Plaintiff and the Class Members are entitled to recover liquidated damages, and imposition of the 3-year look back period. The Class Members are similarly situated as Plaintiff Haynes and engaged in commerce during the employment duties for the Defendant.

13. Plaintiff reserves the right to seek relief as to any other violations of the FLSA.

## IV.
## COLLECTIVE ACTION ALLEGATIONS UNDER THE FAIR LABOR STANDARDS ACT

14. There is no exemption that excuses the Defendant from paying the overtime hours and proper overtime compensation to the Plaintiff and the Class Members.

15. In support of these Collective Class Action allegations under the FLSA, Plaintiff incorporates all allegations of fact and claims set forth above and below and any exhibits attached hereto. This action is allowed to be a collective action as to claims for all the overtime hours and overtime compensation, liquidated damages, interest, reasonable attorney's fees and costs under FLSA. Upon information and belief, in addition to the Named Plaintiff, other current and former employee drivers of the Defendant are similarly situated with regards to the wage violations as described above and which were caused by Defendant's pay practices. These current and former employees would constitute the Class Members, and would also be entitled to recover liquidated damages, attorney fees, and costs.

16. The Named Plaintiff's experiences are representative of those of the current and former employees which constitute the Class Members, and she will fairly and adequately represent and protect the interest of the proposed class. Named Plaintiff has no interest opposite to those of the other members of the proposed class and Plaintiff's attorneys are able and willing to conduct this litigation.

17. For purposes of claims brought under the FLSA, the Class Members of

5

similarly situated Plaintiffs would be properly defined as:

> All current and former nonexempt employees who worked as drivers for Defendant during the three years preceding the filing of this action, and did not receive overtime wages at the correct overtime rate of 1.5 times their regular rate of pay.

Plaintiff reserves the right to modify or update this definition as evidence and information are discovered.

18. The class shall not include the presiding judge, any persons currently employed by the United States Government and working in the offices of or on behalf of the District Clerk for the Eastern District of Texas, or in the office of or on behalf of any judge sitting in the Eastern District of Texas, and any person who become so employed or so work prior to the entry of a Final Judgment in this action.

19. A collective action is the best method for the fair and efficient adjudication of the claims asserted herein, and Named Plaintiff is not aware of any difficulties that are likely to be encountered in the management of this collective action.

20. This action is allowed to be a collective action as to the claims for all the overtime hours and overtime compensation, liquidated damages, interest, reasonable attorney's fees and costs under FLSA. In addition to the Named Plaintiff, other current and former employees of the Defendant are similarly situated with regards to the wage violations as described above, in that they have been refused proper overtime compensation. Attached hereto as Exhibit A is the Named Plaintiff's Consent. *See Exhibit A.*

## V.
## **VIOLATIONS OF THE FLSA**

21. Plaintiff incorporates all allegations of fact and claims set forth above and below and the exhibits attached hereto. The facts set forth above and evidence will demonstrate that Defendant, negligently and willfully failed to pay Plaintiff and those similarly situated overtime wages due and owing under the FLSA for overtime hours worked.

22. Defendant negligently and willfully and/or with reckless disregard for its obligations under the FLSA, failed to pay 1.5 times the regular rate of pay for all hours worked over 40 for Plaintiff and the Class Members.

23. Defendant was aware of its obligations under the FLSA to pay Plaintiff and the Class Members overtime at a rate not less than one- and one-half times the "regular rate" for hours worked over 40 in a workweek. As such, Defendant should be required to pay overtime compensation to all those current and former employees who were subjected to the unlawful pay practice and who are owed overtime compensation for the maximum 3-year period.

24. Plaintiff and the Class Members are entitled to damages representing wages not properly paid, as well as an additional equal amount as liquidated damages resulting from Defendant's violations of the FLSA committed willfully and/or in reckless disregard for the requirements and Plaintiffs' rights under the FLSA. 29 USC §§207, 216(b), 255(a). Plaintiff and the Class Members are further entitled to recover their attorneys' fees, expert fees, pre-judgment and post-judgment interest on all damages, and their costs of court.

## VI.
## TOLLING

25. To the extent necessary, Plaintiff pleads that tolling applies to toll limitations back to the filing of this action and/or agreements of the parties.

## VII.
## ANTI-RETLIATION NOTICE

26. Please take notice that it is unlawful for any person to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding to recover overtime compensation under 29 U.S.C. §207.

## VIII.
## JURY DEMAND

27. Plaintiffs exercise the right to a jury.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant, and demand as follows:

    a.    For an order certifying this matter as a collective action under the Federal Rules of Civil Procedure, and appointing Named Plaintiff and his attorneys to represent the class;

    b.    For an order directing that all collective action members be notified of the pendency of this action and given an opportunity to consent to participation, at the cost of Defendant;

    c.    For damages for the full amount of the unpaid overtime wages, as well as an additional equal amount as liquidated damages resulting from the Defendant's willful violation of the FLSA;

d.      For damages under the FLSA, Plaintiff prays the Court impose the three (3) limitations period for Defendant willful violations of the FLSA;

e.      For any additional damages, actual, special and incidental, that are recoverable under law as the evidence may show proper;

f.      For all attorney fees mandated by the FLSA;

g.      For all costs and expenses of these proceedings including expert fees as the Court deems appropriate;

h.      For pre-judgment and post-judgment interest at the highest rates allowable by law; and

i.      For other relief, in law or in equity, as to which Plaintiff and Class Members are allowed by law.

Respectfully submitted,

REAUD, MORGAN & QUINN, L.L.P.
801 Laurel Street
Post Office Box 26005
Beaumont, Texas 77720-6005
Telephone: (409) 838-1000
Telecopier: (409) 833-8236

By:    */s/ Mark W. Frasher*
            Mark W. Frasher
            State Bar No. 00798187
            mfrasher@rmqlawfirm.com

**Attorney for Plaintiffs**